# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-CV-360-FDW-DSC

| | |
|---|---|
| TOBEY JONES and NAKIA W. JONES, | ) |
| Plaintiffs, | ) |
| vs. | ) ORDER |
| FIRST FRANKLIN LOAN SERVICES, | ) |
| Defendant. | ) |

THIS MATTER is before the Court upon *pro se* Plaintiffs' motion for a temporary restraining order and preliminary injunction filed on August 5, 2010. (Docs. Nos. 3, 4). The Court has reviewed these motions and Plaintiffs' complaint, and at this time, Plaintiffs' motion are DENIED for the reasons set forth.

Plaintiffs ask the Court for a temporary restraining order and a preliminary injunction preventing Defendant from foreclosing on Plaintiffs' property. Plaintiffs indicate that Defendant has scheduled the sale of the property for August 2, 2010. Plaintiffs' motions for a temporary restraining order and preliminary injunction is dated August 4, 2010, but was not officially filed until August 5, 2010, three days after the scheduled sale of the property. Because the act sought to be restrained has taken place, it is unclear whether the Court can provide the relief Plaintiff is requesting. See Roberts v. Madison County Realtors Ass'n, 344 N.C. 394, 402, 474 S.E.2d 783, 789 (1996) ( "[A] preventive injunction cannot be used to redress a consummated wrong or to undo what has been done.") (citing Jackson v. Jernigan, 216 N.C. 401, 5 S.E.2d 143 (1939)).

However, even assuming the Court has the power to grant Plaintiff's request, the Court believes Plaintiffs have failed to carry their burden. In Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346 (4th Cir. 2009), the Fourth Circuit explained that, under

the U.S. Supreme Court's Winter standard, to obtain a preliminary injunction,[1] the plaintiff must establish: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. Real Truth, 575 F.3d at 346 (quoting Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008)). And all four requirements must be satisfied. Id. The Fourth Circuit also noted that plaintiff must make a "clear showing" that the plaintiff is entitled to such relief, and not merely demonstrate a possibility of irreparable harm. Id. (quoting Winter, 129 S.Ct. at 375-76.)

In the instant case, Plaintiffs cannot make a clear showing that they are likely to succeed on the merits. To the contrary, Plaintiffs have made vague allegations of fraud, among other claims. Federal Rule of Civil Procedure 9(b) contains a heightened pleading requirement for allegations of fraud. See Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud.") The Fourth Circuit has recognized pleading with particularity under Rule 9(b) should include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (citations omitted). "Mere allegations of 'fraud by hindsight' will not satisfy the requirements of Rule 9(b)." Id. (citing Hillson Partners Ltd. Partnership v. Adage, Inc., 42 F.3d 204, 209 (4th Cir. 1994). Plaintiffs have not satisfied this heighten pleading requirement, and thus, the Court finds Plaintiffs cannot make a clear showing that they are likely to succeed on the merits. Accordingly, the Court will allow Plaintiffs to amend their complaint to satisfy Rule 9(b).

---

[1]This same standard would apply to a temporary restraining order.

Additionally, the Court believes Plaintiffs cannot make a showing of irreparable harm since there is a adequate remedy at law should the Court later find that Defendants wrongfully foreclosed upon Plaintiffs' property. It appears to the Court, at this time, that monetary damages would remedy any harm to Plaintiffs, as Plaintiffs have not shown that their property is historic or particularly unique.

Since Plaintiffs have failed to make the necessary showing for a temporary restraining order or preliminary injunction, the Court DENIES Plaintiffs' motions. (Docs. Nos. 3, 4).

The Clerk is directed to send a copy of this Order to *pro se* Plaintiffs at 1742 Bray Drive, Charlotte, NC 28214, which is Plaintiffs' address of record.

IT IS SO ORDERED.

Signed: August 6, 2010

Frank D. Whitney
United States District Judge