UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-360-FDW-DSC

| TOBEY JONES and NAKIA W. JONES, | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| vs. | ) | ORDER |
| FIRST FRANKLIN LOAN SERVICES, | ) |  |
| Defendant. | ) |  |

THIS MATTER is before this Court on Defendant's Motion to Dismiss (Doc. No. 13) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After carefully considering Defendant's Motion to Dismiss on the basis that Plaintiff's lawsuit is barred under the doctrine of res judicata, this Court concludes that dismissal is warranted for the reasons set forth. Accordingly, Defendant's Motion to Dismiss is GRANTED.

## I. BACKGROUND

Plaintiffs filed the instant action *pro se* on August 5, 2010, in this Court. (Doc. No. 2). Plaintiffs assert numerous claims against Defendant relating to a 2007 home purchase contract between the parties. The Court broadly construes Plaintiffs' pleadings to allege the following causes of action: inducement, negligence, misrepresentation, deceptive advertising, unfair business practices, numerous variations of fraud, usury, breach of contract, unjust enrichment, breach of fiduciary duty, breach of implied duty of good faith and fair dealing, intentional infliction of emotional distress, and certain violations under both the Truth in Lending Act (TILA), 15 U.S.C. § 1601, and Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601.[1] In the same

---

[1] Pleadings are to be construed so as to do justice. The Court is obligated to construe *pro se* pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citing Estelle v.

breadth, the Court understands that Plaintiffs seek legal relief by way of compensatory and punitive damages but also appeals to the Court for equitable relief by requesting a restraining order, a permanent inunction, rescission of the contract, and an order to quiet title.

Defendant argues that Plaintiffs' action is barred under the doctrine of res judicata since four prior suits involved the same parties and similar claims arising out of the same transaction. Plaintiffs filed a timely response to Defendant's Motion to Dismiss. The Court issued a Roseboro Notice informing Plaintiffs of their burden in responding to Defendant's motion, and permitting Plaintiffs until January 12, 2011, to supplement their response. (Doc. No. 21). Plaintiffs did not submit further briefs, and this matter is ripe for disposition.

Where, as here, Defendant does not dispute issues of fact, the Court may take judicial notice that Plaintiffs have filed four previous suits in state court against Defendant, two of which were judicially dismissed with prejudice, and two of which Plaintiffs voluntarily dismissed. See Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Based on Defendant's arguments and because this is the fifth lawsuit, the Court will set forth the relevant facts of each suit in turn, so that it may make a proper evaluation of whether the instant suit "arises from the same transaction or series of transactions" as the claims previously litigated. Laurel Sand & Gravel, Inc. V. Wilson, 519 F.2d 156, 162 (4th Cir. 2008).

---

Gamble, 429 U.S. 97, 106 (1976)). "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle, 429 U.S. at 106. However, all litigants, including *pro se* plaintiffs, are "required to conform to procedural rules, and the court is not required to rewrite deficient pleadings." Smart v. Local 702 Int'l Bhd. of Elec. Workers, 562 F.3d 798, 811 (7th Cir. 2009) (quoting Tanner v. Neal, 232 Fed. App'x. 924 (11th Cir. 2007)).

A.      State Suit I

On February 3, 2009, Plaintiffs filed a lawsuit in the Superior Court of Mecklenburg County against Defendant and others (Case No. 09-CVS-2617), alleging claims of fraud, usury, misrepresentation, lack of consideration, recoupment, and federal violations under TILA and RESPA.  Plaintiffs asked the state court for an injunction against foreclosure proceedings, an order to quiet title, cancellation of the contract, and monetary damages amounting to approximately $43,000.  State Suit I related to a 2007 contract for the purchase of real property at 1742 Bray Dr. Charlotte, NC 28214.  Defendant moved to dismiss the complaint and filed a corresponding motion for sanctions.  On April 15, 2009, the state court dismissed the suit for failing to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.  The court held in pertinent part that the complaint was "interposed for an improper purpose, is wholly nonsensical, and is devoid of any legal or factual merit.  Plaintiffs have filed their complaint as part of a debt elimination scam."  (Case No. 09-CV-2617, "Dismiss Order"). Accordingly and in reliance on Plaintiffs' failure and refusal to "voluntarily dismiss their frivolous complaint," the court sanctioned Plaintiff per Rule 11 of the North Carolina Rules of Civil Procedure and ordered Plaintiff to pay Defendant $2,500.  (Id.).

B.      State Suit II

On August 27, 2009, Plaintiffs filed a second multi-count suit against Defendant and others, but with the added twist of also naming Defendant's counsel in the suit.  (Case No. 09-CV-2617). State Suit II alleged similar wrongdoing as did State Suit I but added new colorful allegations such as collusion, extortion, and racketeering.  This time Plaintiffs requested several million dollars in damages.  Again, all of Plaintiffs' claims related to the 2007 consumer contract for the purchase of a residence located at 1742 Bray Dr. Charlotte, NC 28214.  Despite being dismissed from the case,

Defendant filed a motion to strike and for sanctions in response to being named in the complaint. On November 4, 2009, a second state court judge granted Defendant's motion to strike under Rule 12(f) of the North Carolina Rules of Civil Procedure. The court articulated the exact same reasoning to support its ruling as did the judge in State Suit I but added that "[t]he pleading purports to keep alive an action which has been dismissed with prejudice in its entirety and in which no appeal of the dismissal was filed. It is therefore redundant, irrelevant, immaterial and scandalous material pursuant to Rule 12(f)." (Case No. 09-cv-2617, "Strike Order"). Again, the court ordered Plaintiff to pay Defendant $2,000 for their reasonable attorney's fees and expenses incurred because of the frivolous pleading.

    C.    State Suit III

On February 1, 2010, Plaintiffs filed a third law suit in the Superior Court of Mecklenburg County, asking the court to enjoin Defendant from foreclosing on the property at issue, and raising similar allegations as the ones raised in the prior suits. (Case No. 2010-CVS-2273). State Suit III arose from the same transaction as did the previous lawsuits–the contract for the purchase of a home located at 1742 Bray Dr. Charlotte, NC 28214. Plaintiffs voluntarily dismissed these claims.

    D.    State Suit IV

On February 26, 2010, Plaintiffs filed a fourth complaint against Defendant in the Superior Court of Mecklenburg County, alleging fraud, usury, misrepresentation, inducement, lack of consideration, recoupment, and asking the state court to quiet title and cancel the note. (Case No. 2010-cvs-4520). The basis for State Suit IV was once again the 2007 home purchase contract for property located at 1742 Bray Dr. Charlotte NC, 28214. Defendant again filed motions to dismiss the complaint and for sanctions and also requested a "gatekeeper order" to limit Plaintiffs' ability

to continue to file repetitive actions against Defendant. Shortly thereafter, Plaintiffs voluntarily dismissed State Suit IV.

### E. Federal Suit I (Plaintiffs Turn to Article III)

The instant action against Defendant alleges many of the same claims as have the previous state suits and arises out of the exact same transaction–the 2007 consumer contract for the purchase of a residence located at 1742 Bray Dr. Charlotte, NC 28214. The 2007 contract has never been altered or modified. The underlying premise behind Plaintiffs' charges appears to be that Defendant engaged in predatory lending conduct whereby Plaintiffs fell victim. Accordingly, Plaintiffs offer a thorough historical account of the imperfections arising out of sub-prime mortgage lending. Along the way, Plaintiffs allege several criminal actions to compliment the many civil claims, raise allegations against several parties other than Defendant, and clearly add at least one new cause of action, intentional infliction of emotional distress ("IIED"). Additionally, Plaintiffs pray for actual monetary damages totaling approximately $3.7 million and various equitable remedies. Notably, Plaintiffs' Complaint does not reveal any procedural history or make mention of the previously litigated matters. Plaintiffs' Complaint is scant on the underlying factual background but not so scant that the Court cannot make the important finding that the current suit revolves around a "consumer contract for the purchase of a primary residence located at 1742 Bray Dr. Charlotte, NC 28214." (Doc. No. 2 ¶ 15, 16). That is, the instant federal action arises out of the exact same contract at issue in every one of Plaintiffs' previous state suits against Defendant.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be

enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint attacked by a Rule 12(b)(6) motion will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly at 556)).

In considering a motion to dismiss premised under the doctrine of res judicata, also known as claim preclusion, this Court must determine whether the Plaintiffs are barred from bringing the instant action. Res judicata "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such party of any legal theory, cause of action or defense which could have been asserted in that action." Ohio Valley Envtl. Coal v. Aracoma Coal Co., 556 F.3d 177, 201 (4th Cir. 2009). For an action to be precluded under the doctrine, a prior judgment must have been (1) rendered by a court in accordance with due process of law; (2) the respective parties in each action must be identical; and (3) the current claim(s) must be based upon the same action(s) encompassed in the former litigation. See Grausz v. Englander, 321 F.2d 467, 472 (4th Cir. 2003); Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990); Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981). "The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Laurel Sand & Gravel, Inc., 519 F.2d at 162 (citing Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)). An action is the same as a prior action, as defined by res judicata, when the new claim requests the same relief and raises the same

set of material facts. Aliff, 914 F.2d at 43; see also Adkins v. Allstate Ins. Co., 729 F.2d 974, 976 (4th Cir. 1984).

### III. ANALYSIS

A. Claim Preclusion

While making no judgment on the merits of Plaintiffs' claims, this Court must consider whether Plaintiffs are attempting to resurrect an already decided legal matter. The crux of Defendant's motion is that the doctrine of res judicata precludes Plaintiffs' current suit because their claims arise out of the same material facts and are substantially similar to the claims brought and decided upon in Plaintiffs' previous suits. Defendant further argues that the respective voluntary dismissals attached to the latter two suits operate as final adjudications on the merits under Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure.

Because the first state court suit precludes all subsequent suits, the court need not reach the preclusive effect of successive voluntary dismissals. Here, it is clear that State Suit I, dismissed for failure to state a claim for relief, was adjudicated on the merits and raised several claims identical to the ones currently at issue. See Hill v. West, 657 S.E.2d 698, 700 (N.C. Ct. App. 2008) ("[a] dismissal under [North Carolina] Rule 12(b)(6) operates as an adjudication on the merits unless the court specifies the dismissal is without prejudice"). Furthermore, "[a] litigant who has not fully exhausted his rights in a former action or who having exhausted them, seeks to bring that action anew and be heard again from the beginning, has already once had his day in court and he is not entitled to another opportunity to present his claim or defense." Thomas v. Consolidation Coal Co., 380 F.2d 69, 77 (4th Cir. 1967); see also Ohio Valley Envtl. Coal, 556 F.3d at 210-211 (stating that "[e]ven claims that were not raised in the original suit may be precluded if they arose from the same transaction or occurrence as those raised in the first suit and were available to the plaintiff at the

time of the first suit."). More than two suits are not necessary to invoke the doctrine of res judicata. If a legal action against the same defendant is rehashed even once, the entire suit is precluded so long as the claims arise out of the same transaction or could have been asserted in the original action. Ohio Valley Envtl. Coal, 556 F.3d at 201. Thus, for purposes of this ruling, the Court need only look to State Suit I. See Allen v. McCurry, 449 U.S. 90, 95-96 (1980) (stating that federal courts consistently accord preclusive effect to matters decided by state courts; therefore, res judicata promotes "the comity between state and federal courts that has been recognized as a bulwark of the federal system.").

Likewise, all claims old or new are parasitic to the very same transaction–the 2007 home purchase contract–at issue in State Suit I. Any new claims currently raised could have been raised as far back as State Suit I. Efforts to recast a contract action into a tort action fail. See e.g. Fiumara v. Fireman's Fund Ins. Cos., 746 F.2d 87 (1st Cir. 1984) (holding that after certain contract claims had been decided, a subsequent action claiming IIED under tort theory was barred by res judicata); 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4408 (2d ed. 2002). Thus, the first and third elements necessary to invoke claim preclusion are satisfied. The final element, identity of the parties, warrants further discussion.

The Court notes that "First Franklin Financial Corporation" (a named defendant in the previous suits) technically differs from "First Franklin Loan Services" (named defendant in the instant suit).[2] It follows that the Court must consider whether there is sufficient identity between the two entities for res judicata to apply. "[P]rivity is no talismanic concept. 'Privity states no

---

[2] Plaintiffs' Complaint states that First Franklin Loan Services' (FFLS) address is 2150 North First Street, San Jose, CA 95131. This is the exact same address identified with First Franklin Financial Corporation (FFFC) in each of the previous suits.

reason for including or excluding one from the estoppel of a judgment. It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'" United States v. Manning Coal Corp., 977 F.2d 117, 121 (4th Cir. 1992) (quoting Bruszewski v. United States, 181 F.2d 419, 423 (3d Cir. 1951) (Goodrich, J., concurring)). Furthermore, "Res judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 966 (3d Cir. 1991). Unfortunately, however, Plaintiffs' pleadings in themselves do not sufficiently raise enough facts for the Court to make a sound determination as to the closeness of relationship between First Franklin Financial Corporation (FFFC) and First Franklin Loan Services (FFLS).

Generally, a court may not look to documents outside the pleadings to make a ruling on a motion to dismiss unless the motion is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d). However, a court may "consider official public records, [and] documents central to plaintiff's claim . . . . without converting the motion into one for summary judgment . . . " Whitthon v. Federal Ins. Co., 164 Fed. Appx. 395, 396 (4th Cir. 2006). In this case, it is critical to look at both public records and Plaintiffs' Response to Defendant's Motion to Dismiss for guidance. (Doc. No. 18). In particular, the Court is drawn to Exhibit D in Plaintiffs' Response– correspondence from FFLS to Plaintiffs. The letter is "central to plaintiff[s'] claim" since it identifies Home Loan Services, Inc. d/b/a FFLS (named Defendant in this action) as the servicer of mortgage loan account ending in 3977–the account associated with the 2007 home purchase contract at stake in this matter.[3]

---

[3] Plaintiffs' complaint in State Suit IV also identifies Home Loan Services, Inc. as a mortgage servicer, but equates such service with being a virtual lender.

The letter further indicates that FFLS is not the owner of the mortgage but "is responsible for the day-to-day servicing of the loan and all decisions regarding performance of the loan." Hence, FFLS appears to collect payments against and manage the loan account associated with the 2007 home purchase agreement that has been the cornerstone of each of Plaintiffs' lawsuits.[4]

It is apparent that a mortgage servicer would have a close and significant enough relationship with the lender to demonstrate the requisite level of privity necessary to invoke protection under res judicata. See R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 187 (1st Cir. 2006) ("Typically, a mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan. Thus, *it will be a rare case in which those two parties are not perfectly identical with respect to successive suits arising out of the same transaction*." (emphasis added)). Here, FFLS, the mortgage servicer and Defendant in the instant action, is closely and significantly related to FFFC, the lender (mortgagee) and defendant in State Suit I. Because FFLS functions as the daily account manager for the loan agreement at issue here and entered into between Plaintiffs and FFFC, there is little doubt that the relationship between the two entities is both close and significant. As such, the final element of claim preclusion is satisfied.

Notably, many of Plaintiffs' current claims bear the same title to those claims brought in State Suit I. Many of the remedies Plaintiffs now seek overlap as well. To the extent that Plaintiffs raise fresh allegations or seek new relief, those allegations do nothing to save Plaintiffs' claim from the preclusive effect of res judicata since they could have been raised in State Suit I. Moreover, Plaintiffs may not overcome res judicata by simply changing the defendant's title when the instant

---

[4] Res judicata notwithstanding, this information is critical to aid the Court in broadly construing Plaintiffs' *pro se* pleadings with regard to whether Plaintiffs' Complaint sufficiently makes allegations that can survive scrutiny under Rule 12(b)(6).

Defendant is in privity with the one named in State Suit I. Finally, and perhaps most importantly, it is undeniable that the instant action stems from the exact same transaction as did State Suit I. In simple terms, Plaintiffs are wrongly attempting to re-litigate a matter already decided upon and deemed frivolous by a state court of competent jurisdiction and under due process of law. Plaintiffs may not now turn to the federal courts in hope of resurrecting claims that were previously and consistently rejected by state judges. Therefore, Plaintiffs' claims are precluded under the doctrine of res judicata.

### B. Failure to State a Claim

Even if res judicata had not applied to bar Plaintiffs' claims in this instance, the Court is compelled to pointedly make clear that Plaintiffs' Complaint fails to state a claim for which relief can be granted. The Court is inclined to embrace the same reasoning offered by those colleagues from the state court who declared this action to be a canned "debt elimination scam." Taken as true, Plaintiffs' pleadings do not allege sufficient facts to state a claim a claim for relief that is plausible on its face. Instead, Plaintiffs have merely provided a lengthy but irrelevant historical account of the flaws embedded in the real estate industry based on their perceptions that consumers lack appropriate protections against lenders. Plaintiffs make only blanket allegations that are conclusive in nature. Accordingly, Plaintiffs fail to sufficiently connect any alleged legal damages to the underlying causes of action. As such, the pleadings are wholly incapable of "allowing the [C]ourt to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. At 1949.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is GRANTED, and Plaintiffs' Complaint is hereby DISMISSED with prejudice. The doctrine of res judicata bars Plaintiffs from filing future lawsuits against Defendant based on the 2007 transaction for a primary residence located at 1742 Bray Dr. Charlotte, NC 28214. Considering that this is the fifth lawsuit and given that this Order constitutes the fifth dismissal, Plaintiffs' are strongly cautioned that filing another lawsuit with knowledge of such a bar will be sanctionable in accordance with Rule 11 of the Federal Rules of Civil Procedure.

The Clerk is DIRECTED to terminate the case.

IT IS SO ORDERED.

Signed: March 15, 2011

Frank D. Whitney
United States District Judge